[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-15709
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 25, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00025-CV-5-MP-MD

TERRENCE PAUL ROBINSON,

                                        Plaintiff-Appellant,

versus

ROBERT G. BOYD,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 25, 2008)**

Before EDMONDSON, Chief Judge, BLACK and FARRIS,[*] Circuit Judges.

PER CURIAM:

---

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Federal prisoner Terrence Robinson appeals the district court's grant of summary judgment in favor of Captain Robert Boyd on Robinson's First Amendment retaliation claim. For the reasons that follow, we affirm.

In the prison context, we analyze First Amendment retaliation claims under the three-part test set forth in *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). To prevail, a plaintiff must establish: (1) his speech or act was constitutionally protected; (2) defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory action and the adverse effect on speech. *Id.*

Viewing the facts in the light most favorable to Robinson, we conclude he has not stated a First Amendment claim. While he clearly had a right to ask the correctional officer about wearing warm gear, Robinson was not speaking on a matter of public concern when he did so. Thus, his speech is not entitled to First Amendment protection. In addition, after Boyd gave Robinson a direct instruction, Robinson did not have a First Amendment right to argue with Boyd, who was at that point constitutionally permitted to discipline Robinson for disobeying his order.

AFFIRMED.